IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARK ANTHONY BURGESS,**                                                **PLAINTIFF**
**MDOC # 77647**

v.                                                    CIVIL NO. 3:17-cv-63-WHB-JCG

**MR. O. LITTLE et al.**                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte,* following a *Spears* hearing, for evaluation pursuant to 28 U.S.C. § 1915A.[1] *Pro se* Plaintiff Mark Anthony Burgess, a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC), alleges constitutional violations. Having considered the record, Plaintiff's testimony during the *Spears* hearing, and applicable law, the undersigned recommends dismissal of several of Plaintiff's claims as frivolous or for failure to state a claim upon which may be granted.

BACKGROUND

Plaintiff is currently incarcerated at East Mississippi Correctional Facility (EMCF) in Meridian, Mississippi. He filed suit on January 3, 2017, in the Circuit Court of Lauderdale County, Mississippi, against numerous defendants, some medical personnel at EMCF and some wardens and other security officials at EMCF. Defendants Frank Shaw, Norris Hogans, and Simone Jones removed the action to this Court based upon federal question jurisdiction. A *Spears* hearing was

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

held on June 1, 2017, where Plaintiff was afforded ample opportunity to orally and fully present his allegations.

Plaintiff is fifty-four years old and serving life without parole. He refers to himself as a mental health offender with bipolar symptoms and many serious health issues. (ECF No. 1-1, at 8). Plaintiff's primary allegation is that he has not received adequate medical care at EMCF for chronic kidney, abdominal, and shoulder pain. Intertwined with this issue is Plaintiff's allegation that he has been denied a grievance process at EMCF that is responsive to his medical complaints.

Plaintiff previously filed suit against EMCF officials, raising similar or identical claims in *Burgess v. Reddix,* No. 3:13-cv-1006-CWR-FKB, 2014 WL 1050753 (S.D. Miss. Mar. 14, 2014). In *Reddix,* United States District Judge Carlton W. Reeves adopted the Report and Recommendation of United States Magistrate Judge F. Keith Ball, who found that the defendants were entitled to summary judgment because "Plaintiff was given medical treatment, just not as often or exactly the type he wanted." 2014 WL 1050753, at *4. Plaintiff was expressly advised by this ruling that "[f]ailed medical treatment, negligence, neglect, nor medical malpractice give rise to a claim under § 1983." *Id.* (citing *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991). As he does in this case, Plaintiff also argued in *Reddix* that the grievance process at EMCF was inadequate and not responsive to his medical needs. Plaintiff's claim regarding the grievance procedure was also dismissed in *Reddix*, with the Court informing Plaintiff that he has "no constitutional right to a grievance procedure, and has no due process liberty

interest right to having his grievance resolved to his satisfaction." *Id.* at 7 (citing *Geiger v. Jowers,* 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz,* No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007)).

Plaintiff appealed the judgment in *Reddix* to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed, finding:

> The record and Burgess's allegations could not lead to the conclusion that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 339, 350 (5th Cir. 2014). Burgess does not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices; thus, the denials of his grievances do not implicate his constitutional rights or give rise to a 42 U.S.C. § 1983 claim. *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005); *see also Stauffer v. Gearheart,* 741 F.3d 574, 587 (5th Cir. 2014).

*Burgess v. Reddix,* No. 14-60234, 609 F. App'x 211, 212 (5th Cir. 2015).

The Fifth Circuit issued its opinion in *Reddix* on July 2, 2015. Plaintiff filed this suit on January 27, 2017, a year and a half later. Plaintiff stated under oath at the omnibus hearing that the medical claims in this case are a continuation of the complaints that he advanced in *Reddix.* Plaintiff testified at the omnibus hearing that he filed this suit because the prior suit did not do any good. Plaintiff maintains that he is still trying to get proper medical treatment.

Plaintiff believes that Defendants have conspired to retaliate against him because he filed suit in *Reddix.* Plaintiff maintains that he has been falsely accused

of rule violations, and someone at EMCF has tampered with his legal mail. Plaintiff alleges that excessive force has been used against him twice. He complains regarding being placed in segregation without a disciplinary hearing.

## DISCUSSION

A.  Screening and 42 U.S.C. § 1983

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. Section 1915A(b) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. The screening provisions in 28 U.S.C. § 1915A do not affect the rule that a court reviewing a complaint must accept as true all allegations of material fact and construe them in the light most favorable to the plaintiff, or the rule that the courts must construe *pro se* pleadings liberally. *See Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1996); *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. At 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662

(2009). To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678; *see DeMoss v. Crain,* 636 F.3d 145, 152 (5th Cir. 2011) (applying same standard to review dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) as for dismissal under Rule 12(b)(6)).

Plaintiff claims are advanced through 42 U.S.C. § 1983, which prohibits the deprivation of any individual's constitutional rights under color of state law and provides for both monetary and injunctive relief. Section 1983 is not itself a source of substantive rights. It merely provides a vehicle for vindicating rights that are conferred elsewhere by the constitution and federal law. *Albright v. Oliver,* 510 U.S. 266 (1994). To prevail under §1983, the plaintiff must show (1) the offending conduct was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or federal law. *Pitrowski v. City of Houston,* 51 F.3d 512,  (5th Cir. 1995).

B.   Analysis

    1.   Plaintiff's claims regarding medical care and EMCF's grievance procedure

A complaint may be dismissed as frivolous pursuant to Section 1915A where it seeks to relitigate claims alleging substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. *McBride v. Reynolds,* No. SA-17-CA-120-XR, 2017 WL 2817096, *2 (W.D. Tex. June 9, 2017) (citing *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir. 1989)).

Plaintiff's claim regarding being repeatedly denied "his prescribed pain killer" Nuerontin was raised in *Reddix* and cannot be relitigated. Plaintiff's allegation that he has been denied a grievance process at EMCF that is responsive to his medical complaints was raised in *Reddix* and cannot be relitigated.

Even if these claims could be considered claims not arising from a common series of events, they fail. Plaintiff's allegation that he is entitled to a grievance procedure that is responsive to his medical complaints is based on an indisputably meritless legal theory, as both this Court and the Fifth Circuit Court of Appeals have informed Plaintiff. *See Geiger,* 404 F.3d at 374; *see also Stauffer,* 741 F.3d at 587. Plaintiff does not have a constitutional right to a grievance procedure. The claim is frivolous.

As for the entirety of Plaintiff's complaints regarding medical care, Plaintiff's factual allegations, accepted as true and construed in a light most favorable to him, could not lead to the conclusion that any Defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Domino,* 239 F.3d at 350. Plaintiff admits that that he is a chronic care patient at EMCF who is evaluated at regular appointments, including psychiatric care appointments. (ECF No. 1-1, at 85; ECF No. 14, at 7). Plaintiff is prescribed "mental health medication" (ECF No. 14, at 5), blood pressure medication (ECF No. 1-1, at 3), acid reflux medication (ECF No. 1-1, at 5), pain medication (ECF No. 1-1, at 5; ECF No. 14, at 11), and an inhaler (ECF No. 14, at 8). While at EMCF, Plaintiff has

had lab tests (ECF No. 1-1, at 9, 84), an x-ray and ultrasound of his abdomen (ECF No. 1-1, at 105), a CAT scan, and a nasal cavity procedure (ECF No. 14, at 12). Dr. Abangan regularly monitors Plaintiff's diabetes. (ECF No. 1-1, at 96).

Plaintiff was asked by the undersigned at the omnibus hearing if it was fair to say that "they're treating you but they haven't fixed it yet?" Plaintiff agreed that he received treatment but insisted that it was not "proper treatment." Plaintiff stated in his Complaint that he is "[r]epeatedly back and forth to medical to make it look like Plaintiff is getting proper treatment." (ECF No. 1-1, at 9).

Plaintiff disagrees with the medical treatment he has received at EMCF, asserting that he is entitled to see "qualified physicians" and off-site specialists for corrective medical treatment of his "many serious medical conditions, which cause the Plaintiff daily pain." (ECF No. 1-1, at 9, 11; ECF No. 14, at 13). Plaintiff would like for his prescribed medications to be re-ordered at one time, with no delays between refills, and to be seen at one time for all of his conditions. (ECF No. 1-1, at 9-10). Plaintiff wants to be treated by a pain management doctor who will "order pain injections daily or issue me Ultram pain killer daily." (ECF No. 1-1, at 85). Plaintiff would like a colonoscopy. Plaintiff is prescribed omeprazole for acid reflux but wants a substitute for this medication because he believes omeprazole is harmful to his kidneys. (ECF No. 1-1, at 5). While he has been prescribed an inhaler, Plaintiff insists that he receive breathing treatments to treat his asthma. (ECF No. 14, at 8).

Plaintiff's unhappiness with the level of medical treatment he has received at EMCF does not raise a constitutional issue. A plaintiff cannot support a claim of deliberate indifference merely by disagreeing with the choice of medical treatment he is provided. *Estelle v. Gamble,* 429 U.S. 97, 107 (1976); *Jackson v. Cain,* 864 F.2d 1235, 1244 (5th Cir. 1989); *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 2001); *Gibbs v. Grimmette,* 254 F.3d 545, 549 (5th Cir. 2001); *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985). As Plaintiff knows from his prior litigation in *Reddix,* "unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). Plaintiff is not entitled under the constitution or federal law to treatment by medical providers of his choice, nor is he entitled to the best possible medical care that may be available. *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992); *McMahon v. Beard,* 583 F.2d 172, 174 (5th Cir. 1978); *Terrell v. Mertz,* No. 1:14-cv-325-JCG, 2015 WL 5475219, *3 (S.D. Miss. Sept. 17, 2015).

2.    Legal mail claim

Plaintiff asserts that officials at EMCF impeded his right to access the Court by intentionally interfering and tampering with his legal mail. A prisoner has a constitutionally protected right to access the courts. *Lewis v. Casey,* 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith,* 430 U.S. 817, 821 (1977)). In order to prevail on a denial of legal access claim, the plaintiff must show that his position as a litigant

was prejudiced by his denial of access to the courts. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996); *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir. 1998).

Plaintiff was asked at the omnibus hearing to identify specific instances where his mail was tampered with or interfered with. Plaintiff was able to offer only one specific instance. He stated that he submitted for mailing a response to a motion to dismiss in *Reddix* that the Court never received, which leads him to conclude that his mail was tampered with. Plaintiff submitted to the Court at the omnibus hearing a copy of the response that the Court did not receive in *Reddix.* (ECF No. 19).

The subject of the motion to dismiss in *Reddix* was Plaintiff's allegation that he had a constitutional right to a grievance process at EMCF that was responsive to his medical complaints. *See* Motion to Dismiss (ECF No. 45) in 3:13-cv-1006-CWR-FKB. Because Plaintiff has no constitutional right to a grievance procedure, the fact that the Court did not receive Plaintiff's response to the motion to dismiss in *Reddix* did not prejudice Plaintiff's position as a litigant. Plaintiff has failed to state a claim.

RECOMMENDATION

It is recommended that Plaintiff's claims regarding medical care and EMCF's grievance procedure be dismissed as repetitious/frivolous and for failure to state a claim upon which relief may be granted. It is recommended that Plaintiff's access to courts claim regarding legal mail be dismissed for failure to state a claim upon

which relief may be granted. If this recommendation is accepted, Defendants Little and Abangan will be dismissed as Defendants.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.

SIGNED, this the 5th day of March, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE