# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**MARK ANTHONY BURGESS, #77647**                           **PLAINTIFF**

**VS.**                           **CIVIL ACTION NO. 3:17-cv-63-WHB-JCG**

**MR. O. LITTLE, ET AL.**                                        **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo. After considering the R and R[1], the other pleadings in this case, as well as relevant authorities, the Court finds the R and R should be adopted in its entirety.

## I. Discussion

In January of 2017, Mark Anthony Burgess ("Burgess"), who is incarcerated at the East Mississippi Correctional Facility ("EMCF"), filed a lawsuit alleging, among other claims, that officials at that facility were providing him inadequate medical care for kidney problems as well as abdominal and shoulder pain. Burgess also alleged that prison officials were denying him access to a grievance process responsive to his medical treatment-related complaints.

---

[1] The parties were required to file objections to the R and R on or before March 22, 2018. No objections were filed.

In June of 2017, United States Magistrate Judge John C. Gargiulo held an Omnibus Hearing during which Burgess's claims were screened. Following rulings on several motions, including motions to amend and to compel discovery, Judge Gargiulo entered a R and R recommending that some of Burgess's claims be dismissed on the grounds that relief could not be granted as to the claims or that they were frivolous. See R and R [Docket No. 34].

In his R and R, Judge Gargiulo first found that Burgess's medical treatment and grievance-related claims were subject to dismissal because he had already litigated those claims in Burgess v. Reddix, Civil Action No. 3:13-cv-1006-CWR-FKB (S.D. Miss. 2013). Judge Gargiulo found Burgess's medical treatment-related claims were subject to dismissal for the additional reason that those claims were not based on allegations that Burgess was being denied medical treatment but, instead, on allegations that Burgess disagreed with the treatment he was being provided. See R and R, 5-8. Second, Judge Gargiulo found that Burgess's legal mail-related claim was subject to dismissal on the grounds that he had not shown he was prejudiced because of the one-time occurrence of a court not receiving paperwork he had allegedly sent from prison. Id. at 8-9. Based on these findings, Judge Gargiulo recommended that Burgess's claims arising from medical treatment, the grievance process, and the mail delivery system all be denied.

The Court has reviewed the R and R, to which no objections were filed, as well as the Docket and other pleadings in this case. After review, the Court agrees that Burgess's medical care-related claims, his grievance process-related claims, and his legal mail-related claims should be dismissed for the reasons stated by Judge Gargiulo. Accordingly, the Court will adopt Judge Gargiulo's R and R recommending the dismissal of these claims.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the March 5, 2018, Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket No. 34], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that Plaintiff's medical care-related claims, his grievance process-related claims, and his legal mail-related claims are all hereby dismissed for the reasons stated by Judge Gargiulo.

SO ORDERED this the 3rd day of April, 2018.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE